IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CALVIN GILBERT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 121-105 |
| | ) | |
| STATE OF GEORGIA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at Rutledge State Prison in Columbus, Georgia brings the above-captioned case pursuant to 28 U.S.C. § 2254 and seeks permission to proceed *in forma pauperis* ("IFP"). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** without prejudice, the motion to proceed IFP, (doc. no. 7), be **GRANTED**, and this civil action be **CLOSED**.

**I.    BACKGROUND**

In July 2014, Petitioner was convicted of possession of cocaine and being a pedestrian under the influence in the Superior Court of Richmond County, Georgia and sentenced to three years of imprisonment followed by six years of probation. (Doc. no. 1, p. 1.) Additionally, Petitioner was assessed a fine of $1,500 along with $300 in surcharges, both of which were converted to community service hours. (Id. at 1-2, 5.) In February 2019, while serving probation, Petitioner was adjudicated guilty of burglary in the second degree in the Columbia

County Superior Court and sentenced to three years of imprisonment followed by two years of probation to run concurrent with his 2014 conviction. (Doc. no. 8, pp. 20-22.)

Petitioner did not appeal his convictions or seek review by a higher state court, though he did file a letter requesting reconsideration of his 2014 conviction in the Richmond County Superior Court on April 5, 2021. (Id. at 2-3; doc. no. 1-4, p. 1.) In the letter, Petitioner requested his community service be terminated due to the COVID-19 pandemic and the extended time having elapsed since his sentencing. (Doc. no. 1-4, p. 1.) The Richmond County Superior Court informed Petitioner his letter would not be considered by a judge, and that, for his letter to compel judicial action, it needed to "be contained within a motion arising from a properly filed lawsuit." (Doc. no. 1-2, p. 1.)

Petitioner signed the instant federal petition on June 3, 2021, and originally filed it in the Middle District of Georgia. (Doc. no. 1-1.) Chief United States District Judge Marc T. Treadwell transferred the petition to this District on July 7, 2021. (Doc. no. 3.)

Petitioner does not enumerate the grounds for relief in this federal habeas corpus petition. (See doc. no. 1.) Petitioner states he cannot complete his community service because of the COVID-19 virus and because he is disabled, unemployed, and mentally ill. (Doc. no. 1, p. 5.) As such, he requests the Court grant him relief by terminating his community service obligations. (Id.)

## II. DISCUSSION

### A. The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the

remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." Turner v. Crosby, 339 F.3d 1247, 1281 (11th Cir. 2003) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (*per curiam*) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. See Powell v. Allen, 602

3

F.3d 1263, 1269 (11th Cir. 2010) (*per curiam*); Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).  Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies."  Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

    **B.**    **Petitioner Failed to Exhaust State Remedies**

Here, Petitioner does not allege he has filed a direct appeal or a state habeas petition. (Doc. no. 1, p. 2-3.)  Indeed, besides improperly filing a letter for reconsideration, Petitioner has not pursued any state court remedies.  (Id.)

Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment.  Picard v. Connor, 404 U.S. 270, 275 (1971).  However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim."  St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972).

Here, there is no indication of unreasonable delay or a refusal to address a claim such that this Court should disregard the exhaustion requirement.  Petitioner has not filed a state habeas petition or alleged any refusal by the state courts to hear his claims.  While the Richmond Superior Court refused to present Petitioner's letter before a judge, such refusal dealt with the form by which Petitioner brought his claims not a refusal to hear the merits.

As Petitioner has not exhausted available state court remedies, his federal habeas corpus petition should be dismissed without prejudice so he can first give the state courts an

opportunity to address his claims

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this petition be **DISMISSED** without prejudice, the motion to proceed IFP, (doc. no. 7), be **GRANTED**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of August, 2021, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA